IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AMIEL CUETO

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.                                       Case No. 05-71-DRH

## MEMORANDUM AND ORDER

HERNDON, District Judge:

### I. INTRODUCTION

Before this Court is defendant the United States of America's (the "Government") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 19.) Plaintiff Amiel Cueto filed suit seeking, among other things, to essentially dissolve the Government's judgment lien upon his real property. (Doc. 1.) The Government brings its Motion to Dismiss pursuant to **Federal Rule of Civil Procedure 12(b)(1)**. Generally, the Government's motion and supporting memorandum contend that Plaintiff's cause must be dismissed as the Court lacks subject matter jurisdiction over his claims. (Docs. 19 & 20.)

Among other things, the Government argues that Plaintiff's request for declaratory judgment is not a sufficient basis for federal jurisdiction. (Doc. 20, pp.

1-2.) Further, the Government asserts that the doctrine of sovereign immunity bars Plaintiff from bringing his suit. (*Id.* at 2.) Plaintiff has filed a memorandum objecting to the Government's motion, stating that **18 U.S.C. § 3613** confers subject matter jurisdiction upon his claim. (Doc. 24, p. 4.) Moreover, Plaintiff claims that this Court's prior statements, in an order previously issued in Plaintiff's criminal case,[1] bolster a finding of proper federal subject matter jurisdiction in the instant case. (*Id.*)

In order to proceed on the Motion to Dismiss, the Court must first examine the standard of review applicable to a **Rule 12(b)(1)** motion. Next, the Court considers whether Plaintiff's claims can be construed to invoke federal subject matter jurisdiction. Also crucial to this analysis is whether the doctrine of sovereign immunity applies to bar Plaintiff's claims. Because the Court finds that Plaintiff's core claims can properly be construed as giving rise to federal subject matter jurisdiction, the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby **DENIED**, as is more fully explained below.

---

[1] *See* Order issued in ***United States v. Cueto,*** case no. 3:96-cr-30070-DRH (S.D. Ill. Jan. 25, 2005)(Herndon, J.) (Doc. 681).

## II. FACTUAL BACKGROUND

On September 19, 1997, after a criminal jury trial, this Court entered judgment against Plaintiff on one count of conspiracy to defraud the United States, and three counts of obstruction of justice. (Doc. 1, ¶ 1.) Plaintiff's sentence included the following: concurrent sentences of 60 months imprisonment on the conspiracy count and 87 months imprisonment on each of the obstruction counts; concurrent sentences of two years of supervised release on each count; a fine of $20,000 on each count; and costs of incarceration ($500/month payable every ten months). (*Id.* at ¶ 2.) At the time judgment was entered, the Government also filed a lien to secure the costs of incarceration pursuant to **18 U.S.C. § 3613**, which thereby encumbered Plaintiff's real property at issue in the instant case. (*Id.* at ¶ 7.)

Plaintiff was incarcerated from October 1, 1997 through August 4, 2003. (*Id.* at ¶ 3.) He was subsequently released to the Dismas House of Saint Louis (a halfway house) where he lived for approximately ten weeks. (*Id.*) Plaintiff then returned to "home confinement" until January 29, 2004. (*Id.*) Assistant United States Attorney Gerald M. Burke wrote Plaintiff a letter, dated June 29, 2004. (Doc. 1, Ex. E.) Burke enclosed a copy of a letter sent to Plaintiff's former attorney, explaining that Plaintiff was delinquent in his payments for costs of incarceration. (*Id.*) Burke's June 29 letter stated that Plaintiff owed a remaining balance of $3,000 in incarceration costs. (*Id.*)

In his Complaint in the instant case, Plaintiff claims he has satisfied the

judgment by paying all his incarceration expenses. (Doc. 1, ¶ 9.) The dispute apparently arises over whether Plaintiff was required to pay costs of incarceration during the time he spent at the halfway house and in home confinement (and not actually in prison). Plaintiff claims this time should not be considered part of his "incarceration" for purposes of incurring incarceration expenses. (*Id*. at ¶ 3 and Ex. F.) Plaintiff further alleges that he paid the Dismas House over $600.00 per month from August 4, 2003, to January 29, 2004 (most likely for the expense of his room and board). (*Id*., Ex. F.)

On December 27, 2004, Plaintiff filed a *pro se* complaint with this Court under his criminal case number. (Case no. 96-cr-30070-DRH, Doc. 681.) Plaintiff asked this Court to dissolve the liens on his real property (the "Property") so that he could complete its sale. (*Id.* at 1-2.) He additionally asked that this Court issue a declaratory judgment that his debts had been satisfied and to order that all encumbrances on his real estate be removed. (*Id.* at 2.) Plaintiff further requested restitution of the entire sale price if the Government's lien prevented closing on the sale of the Property, along with any other costs associated with the "unlawful lien," including the cost of a new title report, and interest on the sale price if the sale were merely delayed (and not cancelled). (*Id.*) Finally, Plaintiff contended that the monetary penalties which comprise the Government's lien amount are in violation of the "excessive fines" clause of the Eighth Amendment and/or the Due Process Clause of the Fifth Amendment. (*Id.*)

Previously, the Court found that it did not have jurisdiction to hear Plaintiff's Complaint filed under the criminal case number. (*Id.* at 4.) Therefore, Plaintiff's *pro se* Complaint was dismissed without prejudice, allowing Plaintiff the opportunity to re-file his complaint as a civil matter under a civil case number. (*Id.*) Plaintiff thereafter filed his *pro se* Complaint in the instant case on February 2, 2005. (Doc. 1.) Plaintiff's Complaint contains the same allegations and requests for relief as his previous complaint, which he had previously filed improperly under his criminal case number. (*See id.*)

### III. LEGAL ANALYSIS

**A.   RULE 12(B)(1) MOTION TO DISMISS LEGAL STANDARD**

The Government's Motion to Dismiss is made pursuant to **Federal Rule of Civil Procedure 12(b)(1)**, which allows a party to raise as a defense, by motion, a federal court's lack of subject matter jurisdiction over Plaintiff's claims. **FED. R. CIV. P. 12(b)(1)**. The Seventh Circuit has stated that although a plaintiff may easily defeat a **Rule 12(b)(6)** motion to dismiss for failure to state a claim, the same is not true for a **Rule 12(b)(1)** motion to dismiss for lack of subject matter jurisdiction. ***Bastien v. AT & T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir. 2000)**.

On a **Rule 12(b)(1)** motion, a district court is not required to accept as true the allegations in the pleadings, as it does when considering a motion to dismiss made pursuant to **Rule 12(b)(6)**. ***Commodity Trend Services, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998)**. Rather, the

plaintiff bears the burden of establishing jurisdiction and the court may look to evidence outside of the pleadings to determine whether federal subject matter jurisdiction exists. **Id. (citations omitted)**. The "presumption of correctness" normally afforded to a complainant's allegations does not apply where a defendant puts forth evidence contesting the court's jurisdiction. **Id.** Thus, this Court is not bound by Plaintiff's account of jurisdictional bases to hear his claim. At the same time, the Court is not limited to merely examining the face of the pleadings in determining subject matter jurisdiction, but may look to other relevant evidence.

**B.    PROPER CONSTRUCTION OF PLAINTIFF'S CLAIMS**

According to the Seventh Circuit, "[a] standard rule in considering jurisdictional challenges is that when the court's jurisdiction and the claim for relief are predicated on the same federal statute but the basis for relief is subsequently found to be inapplicable, the district court should not dismiss the case under **Rule 12(b)(1)**." *Central States Southeast and Southwest Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.*, **53 F.3d 172, 174 (7th Cir. 1995)**. Instead, the court should proceed as if jurisdiction *does* exist and should instead determine the merits of the claim under **Rule 12(b)(6)**. **Id. (emphasis added)**.

Thus, even where a plaintiff relies upon a statute that is inapplicable, he or she does not destroy subject matter jurisdiction. ***See Health Cost Controls v. Skinner*, 44 F.3d 535, 537 (7th Cir. 1995)**. The preferable practice is to assume jurisdiction exists, and proceed to examine the claim under **Rule 12(b)(6)**.

*Id.* **(citing 2A JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.01 (2d ed. 1994))**. When a complaint is analyzed under **Rule 12(b)(6)**, it is inappropriate to dismiss unless there are no possible and reasonable means of construing the complaint as stating a viable claim. ***Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004)**. Further, for purposes of **Rule 12(b)(6)**, a court should "indulge every reasonable presumption in favor of the complainant." ***Frey v. E.P.A.,* 270 F.3d 1129, 1132 (7th Cir. 2001)**.

In ***Skinner***, the Seventh Circuit refused to dismiss the plaintiff's complaint for lack of subject matter jurisdiction when it asked for compensatory damages rather than equitable relief, as required by the federal law at issue. **44 F.3d at 538**. Rather, the court reversed the lower court's dismissal of the case, thereby permitting the plaintiff to amend its complaint to instead request equitable relief. *Id.* The Seventh Circuit specifically stated that "basic principles of fairness and the Federal Rules of Civil Procedure require that [the plaintiff], if faced with possible dismissal of its complaint, have the opportunity to amend its complaint." *Id.*

As in ***Skinner***, basic fairness and the Federal Rules of Civil Procedure require the Court to treat the Government's motion as a **Rule 12(b)(6)** motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff has stated claims under the Declaratory Judgment Act and also the Fifth and Eighth Amendments to the United States Constitution; he has additionally stated a claim to

dissolve a lien which the Government imposed upon his Property pursuant to **18 U.S.C. § 3613**. Upon a plain reading, Plaintiff's claims, as currently entitled, may not properly give rise to federal subject matter jurisdiction. However, Plaintiff has also alleged facts which may give rise to a claim or claims conferring proper subject matter jurisdiction upon the Court.

In order to maintain a claim against the United States government in court, a plaintiff must both identify a statute conferring subject matter jurisdiction and a federal law which waives the United States' sovereign immunity. ***Macklin v. United States,* 300 F.3d 814, 819 (7th Cir. 2002)**. Courts should recognize jurisdiction if present, even if not accurately plead. ***Id.* at 820**. Thus, "[a] court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly." ***Id.* (alteration in original)**.

In support of its Motion to Dismiss, the Government proffers the Seventh Circuit opinion that no civil jurisdiction exists to hear Plaintiff's declaratory relief claim, because to determine the validity of the Government's lien encumbering Plaintiff's Property would result in an eventual review of his criminal sentence (as the lien was created due to incarceration expenses the Government believes are still owed by Plaintiff; Plaintiff's obligation to pay such expenses arose from his criminal sentence). (Doc. 20, p. 1.) The Government further asserts such a review would circumvent the Seventh Circuit's holding in ***United States v. Goode***, which allows

a district court only "limited power" to revisit a sentence and only when specifically "authorized by statute or rule."² **342 F.3d 741, 743 (7th Cir. 2003)**.

The Court finds *Goode* to be readily distinguishable from the instant matter. In *Goode*, the petitioner asked the district court to clarify his obligation to pay interest on fines which had been imposed by a judgment from his criminal case. *Id.* **at 742–43**. The court stated that district courts have limited power to re-examine sentences once they are given. *Id.* **at 743**. Only when authorized by a specific rule may a court effectively re-open and revisit a judgment, even for interpretive purposes. *Id.*

Conversely, in the instant case, Plaintiff does not ask the Court to interpret the sentence imposed upon him for his prior criminal convictions. Although Plaintiff's criminal sentence may be referenced in the course of the proceedings, this does not destroy the Court's jurisdiction over the case, for it does not amount to the sort of review at issue in *Goode*. This is an action independent of the sentence, except insofar as the sentence originally gave rise to the Government's lien now at issue. Therefore, *Goode* does not deprive the Court of the ability to consider Plaintiff's Complaint, as long as subject matter jurisdiction exists.

---

² The Seventh Circuit noted several rules which authorize review by a district court. *Id.* **Federal Rule of Criminal Procedure 35(a)** allows a court to correct its sentence within seven days. **Federal Rule of Criminal Procedure 36** permits a court to correct clerical, but not substantive, errors of a criminal sentence. Further, a defendant may challenge his custody, although not his fine, under **28 U.S.C. § 2255**; a district court will also have subject matter jurisdiction where the defendant seeks relief from a fine based on "hardship," under **18 U.S.C. §3572(d)(3)**. *Goode,* **342 F.3d at 743**. However, none of the above-referenced circumstances apply to the instant case.

**2.     Sovereign Immunity**

The Government next addresses Plaintiff's claim for declaratory relief (Doc. 20, p. 2.)  In Count III of his Complaint, Plaintiff asks the Court to enter an order declaring the judgment in his previous criminal matter satisfied, and the Government's resulting lien dissolved.  (Doc. 1, p. 8.) As the Government correctly points out, a claim brought under the Declaratory Relief Act must have an underlying basis conferring federal subject matter jurisdiction; the Declaratory Relief Act, by itself, does not confer federal subject matter jurisdiction.  (Doc. 20, p. 2.)

Moreover, the Government notes that it has not waived sovereign immunity in this case.  *(Id.)*  The Government is correct that a statutory waiver of sovereign immunity is a prerequisite to hearing a claim against it.  **Macklin, 300 F.3d at 819**.  Therefore, any underlying basis for federal subject matter jurisdiction Plaintiff may allege must also result in a waiver of sovereign immunity in order for any of Plaintiff's claims to survive the Government's Motion to Dismiss.

Plaintiff does not specifically plead an underlying basis for federal subject matter jurisdiction in his declaratory relief claim.  However, in his opposing Response to the Government's Motion to Dismiss, Plaintiff argues that the "controversy at bar turns on the meaning of **18 U.S.C. § 3613**." (Doc. 24, p. 4.) As such, Plaintiff rationalizes that **18 U.S.C. § 3613** should be the underlying basis for federal subject matter jurisdiction.  *(Id.)*

In this instance, even if Plaintiff failed to specifically plead an underlying

basis for federal subject matter jurisdiction, the Court must not automatically "forsake subject matter jurisdiction," but should construe the pleadings in the light most favorable to Plaintiff in order to determine whether his Complaint states a claim or claims conferring federal subject matter jurisdiction upon the Court. **Skinner, 44 F.3d at 537**. Setting aside the constitutional issues and other monetary requests for relief, the gravamen of Plaintiff's alleged injury is the Government's lien, which currently encumbers the title of the Property Plaintiff wishes to sell, and the fact that he feels this lien represents an incarceration cost he should not have been responsible for paying. In short, Plaintiff has filed his Complaint seeking to dissolve the Government's lien in order to clear title and hence effectuate closing of the sale of the Property. As explained previously within this Order, the Government filed the lien pursuant to **18 U.S.C. § 3613** for an alleged outstanding balance of incarceration expenses imposed by a judgment entered against Plaintiff during his criminal proceedings. (*See* case no. 3:96-cr-30070-DRH, Doc. 567.)

The Court finds that while Plaintiff has labeled Count II of his complaint "Petition to Dissolve Lien" and did not cite any basis for federal subject matter jurisdiction, the remedy he seeks could possibly be brought pursuant to **28 U.S.C. § 2410** ("Section 2410"), which allows a party to bring an action against the United States in order to quiet title to real property upon which the United States claims a

lien.[3] Incidentally, Section 2410 provides a statutory waiver of the United States' sovereign immunity.[4] This hypothetical statement is meant to foster a thought process and *not* meant to confer jurisdiction.

In **Macklin**, the Seventh Circuit held that Section 2410 automatically waives sovereign immunity in an action where the Government filed a tax lien on the plaintiff's real property. **Macklin, 300 F.3d at 819**. Yet, as the Eighth Circuit has noted, Section 2410 operates *only* as a waiver of sovereign immunity and does not confer federal subject matter jurisdiction. **McNeill v. Franke, 171 F.3d 561, 563 (8th Cir. 1999)(emphasis added)**. Therefore, the claim must contain an independent underlying basis of federal subject matter jurisdiction. **Id.**

---

[3] **28 U.S.C. § 2410** states, in pertinent part:
**(a)**  Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
   **(1)** to quiet title to,
   **(2)** to foreclose a mortgage or other lien upon,
   **(3)** to partition,
   **(4)** to condemn, or
   **(5)** of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

[4] In **Bowman v. City of Franklin, 980 F.2d 1104, 1108 n.3 (7th Cir. 1992)**, the Seventh Circuit noted that an interest amounting to a lien would properly be dealt with as a quiet title action, regardless of the fact that the plaintiff's complaint alleged a violation of their civil rights under **42 U.S.C. §§ 1983 and 1985**. The Court acknowledges that **Bowman** involved a city and not the United States government, it is partially illustrative to the instant matter. In other words, despite the fact that Plaintiff in the instant case has alleged a violation(s) of his constitutional rights, his claim may be more appropriately handled as a quiet title action.

### 3. Federal Subject Matter Jurisdiction

As previously noted, Section 2410 does not constitute an independent basis for federal subject matter jurisdiction. The Government contends that Plaintiff's reliance upon a previous order of this Court is misplaced.[5] (Doc. 20, p. 2.) The Court agrees with the Government that this Court's prior order, which dismissed Plaintiff's Complaint filed under his criminal case number and stated he could re-file the case as a civil matter, does not by itself confer federal subject matter jurisdiction. Otherwise, any district court could confer federal subject matter jurisdiction merely by stating as much in its order. This Court has the affirmative obligation to examine subject matter jurisdiction in each case. **Kelly v. United States, 29 F.3d 1107, 1113 (7th Cir. 1994)**. The previous dismissal did not substantively examine the issue of the Court's jurisdiction over Plaintiff's claims. Therefore, the Court must now undertake an investigation into the existence of federal subject matter jurisdiction or lack thereof.

Plaintiff has cited **18 U.S.C. § 3613**[6] ("Section 3613") as conferring

---

[5] In an Order previously issued, dismissing Plaintiff's Complaint, filed improperly under his criminal case number, the Court stated that "Cueto may refile his petition as a civil case once he pays the requisite filing fee." (*See* case no. 3:96-cr-20070-DRH, Doc. 681, p. 4, .) Plaintiff argued, in his memorandum in opposition to the Government's Motion to Dismiss in the instant case, that by allowing him to refile, this Court "recognized subject matter jurisdiction." (Doc. 24, p. 4.)

[6] **18 U.S.C. § 3613** states, in pertinent part:
**(a) Enforcement.**--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

subject matter jurisdiction on the Court. (Doc. 24, p. 4.) Section 3613 permits the United States to enforce a judgment by filing a lien against the property of the person against whom judgment was rendered. The statute does not contain an express grant of federal subject matter jurisdiction to district courts over such actions. However, this does not bar the instant claim for two reasons.

First, a judgment lien filed under Section 3613 may properly find itself in federal court because it is largely equated with a tax lien. The district courts have jurisdiction over any action arising under the internal revenue laws of the United States, including actions involving tax liens. **28 U.S.C. § 1346** ("Section 1346"); **see also Macklin, 300 F.3d at 820**. Section 1346 states, in pertinent part, that "the district courts shall have original jurisdiction . . . of (1) any civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws." **28 U.S.C. § 1346**. In **Macklin,** the plaintiff's suit was not dismissed for lack of jurisdiction where he alleged "numerous defects in the lien and lien filing procedures" invalidated the tax lien encumbering his property. **Id. at 820**. The Seventh Circuit stated that "[f]ederal law . . . dictates the form and content of a federal tax lien." **Id.**

Section 3613 mandates that liens arising under that section be treated as tax liens for many purposes. A fine imposed pursuant to Section 3613 "is a lien

in favor of the United States on all property and rights to property of the person fined *as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code.*" **18 U.S.C. § 3613 (emphasis added)**. Further, a lien filed pursuant to Section 3613 must be filed in precisely the same manner in which a tax lien must be filed under the Internal Revenue Code. **See 18 U.S.C. § 3613(d)**. Finally, "[t]he notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law providing for the filing of a notice of a tax lien" **Id.**

Seemingly, as Congress has chosen to treat a lien imposed pursuant to Section 3613 as a tax lien, it follows that Congress intended federal courts to have jurisdiction over Section 3613 liens as they do over tax liens. The United States Supreme Court has made clear that federal courts should rely on federal law when construing a lien imposed under federal law. **United States v. Craft, 535 U.S. 274 (2002)**. Although the lien in **Craft** was a tax lien, at least one court has ruled that the holding in **Craft** should not be limited to tax liens. **See In re Hutchins, 306 B.R. 82, 90–91 (D. Vt. 2004)("Although Craft dealt only with tax liens, Congress has unequivocally stated that criminal fines are to be treated in the same fashion as federal tax liabilities.")**.

While not binding precedent, a case from the Eastern District of Pennsylvania is also instructive on this point. In **Funkhouser v. United States, No. CIV. A. 97-6038, 1999 WL 124464 (E.D. Pa. Feb. 12, 1999)**, the plaintiff, among

other things, contested the validity of a lien imposed on real property by the government pursuant to Section 3613, as a result of a criminal judgment entered against the plaintiff's son (who was, at that time, the owner of the property). **Id. at *1**. The district court, in its opinion, specifically articulated that it found federal subject matter jurisdiction pursuant to Section 1346. **Id. at *4, n.2**. Although the lien itself was not a tax lien, but was created pursuant to Section 3613, the court nonetheless stated that such a lien was considered "pursuant to the Internal Revenue Code" for jurisdictional analysis purposes. **Id.** Thus, the court claimed jurisdiction over the judgment lien through Section 3613's mandate that such liens be treated as tax liens.

*United States v. Tully*, **288 F.3d 982 (7th Cir. 2002)**, while not a quiet title suit arising under Section 2410, involved an action to determine the priority of a government order of restitution arising pursuant to the defendant's plea agreement. The defendant in *Tully* was indicted on several counts of mail fraud, securities violations and money laundering, and subsequently promised, as part of his plea agreement, to apply proceeds from the sale of certain real estate as restitution to his victims. **Id. at 984**. The order for restitution was issued pursuant to Section 3613. **Id. at 985 n.4**. The Seventh Circuit applied Indiana law, as that was the state where the real property at issue was located. **Id. at 986**. However, the Seventh Circuit did not deny that the district court had jurisdiction to hear the claim. Rather, it affirmed the decision of the district court, which granted the Section 3613

Page 16 of 20

claim priority over the alleged "equitable liens" of other claimants. *Id.* at **988**.

Finally, and perhaps most persuasive, a United States Bankruptcy Court in Vermont has explicitly equated criminal fines with tax liens. ***In re Hutchins*, 306 B.R. 82 (D. Vt. 2004)**. In *Hutchins*, the bankruptcy court addressed the question of whether a judgment lien imposed pursuant to Section 3613 could attach to a real property interest held in a tenancy by the entirety. *Id.* at **87**. The court first examined case law in relation to tax liens, concluding that such liens could attach to a tenancy by the entirety. *Id.* at **90**. The court viewed this finding as dispositive for the treatment of the judgment (Section 3613) lien, for "Congress has unequivocally stated that criminal fines are to be treated in the same fashion as tax liabilities." *Id.* **at 91**. Equally important, the court stated that "federal courts should rely on federal law when construing the extent of liens created under federal law." *Id.* at **90**. That is, such liens present federal questions best resolved by the federal courts.

Although not a bankruptcy matter, the instant case is quite similar to ***Hutchins***. In seeking to dissolve the judgment lien imposed by the Government pursuant to Section 3613, Plaintiff is essentially contesting the lien's validity and seeking to quiet title to the Property in order to complete the sale. As the Court has explained previously, such action could be construed as a Section 2410 quiet title action, which provides a statutory waiver of sovereign immunity. Although the lien at issue is obviously not a tax lien, it is nonetheless to be treated as a tax lien under the provisions of Section 3613. As such, the underlying basis conferring federal

subject matter jurisdiction, therefore, could be Section 1346, which grants original jurisdiction to federal courts of all liens arising under the internal revenue code. As the cases above indicate, if the Section 3613 judgment lien is to be treated as a tax lien, it should be dealt with by federal courts.

Concluding this analytical discussion would fairly unwise without including a few key clarifying points for the parties' benefit. First, the Court reiterates that its previous order in this matter (Case No. 96-cr-30070-DRH, Doc. 681), allowing Plaintiff to file his suit under a civil case number, did not by *itself* confer subject matter jurisdiction upon Plaintiff's claims. Courts, on their own accord, do not possess such power. **See Margin v. Sea-Land Services, Inc., 812 F.2d 973, 976 (5th Cir. 1987)("The district court is a court of limited jurisdiction and can only exercise that jurisdiction which is statutorily conferred upon it by Congress. The basis for federal subject matter jurisdiction must affirmatively appear in the pleadings of the party seeking to invoke jurisdiction." citing FED. R. CIV. P. 8(a);** *Le Mieux Bros. v. Tremont Lumber Co.,* **140 F.2d 387, 389 (5th Cir. 1944))**. Moreover, the Court depends upon the parties to do the necessary research regarding jurisdiction,[7] or for that matter, any other legal position the parties strive to promote. It was apparent from the law

---

[7] Although the Court acknowledges the fact that it must make inquiry upon its own motion as to whether proper subject matter jurisdiction exists, regardless of whether issue was raised by any of the parties to the suit. **See *Rice v. Rice Foundation*, 610 F.2d 471, 477 (7th Cir. 1979)(citing *City of Kenosha v. Bruno*, 412 U.S. 507, 511-12 (1973))**.

presented in the relevant pleadings that Plaintiff could not seek legal redress for his alleged injuries under his previous criminal case number. The only viable option at the time was for Plaintiff to re-file his Complaint as a civil matter. However, in allowing Plaintiff to do so, the Court was *not* at that time required to analyze Plaintiff's claims on the merits. In other words, the Court was not obligated at that point to determine whether Plaintiff's claims were valid or, more importantly, whether subject matter jurisdiction would properly exist once Plaintiff did file a civil suit. Therefore, Plaintiff's reliance on the Court's prior order to establish subject matter jurisdiction was misplaced.

Secondly, construing Plaintiff's claims as the Court has so done in this Order is *not* an artful attempt to provide Plaintiff with a "bullet-proof" suit – able to withstand further legal perils encountered along the way. It is not the Court's role to advocate or come to the aid of either party – and it should be affirmatively stated that this is not what the Court has done here today. Rather, the Court has taken a very rudimentary look at the essential gravamen of Plaintiff's claims and identified a potential legal vehicle by which Plaintiff states a claim. The parties should note that the Court has not addressed whether Plaintiff's constitutional claims can survive the jurisdictional, sovereign immunity and validity hurdles of a future motion to dismiss. Ensuring the endurance of these claims is solely Plaintiff's responsibility in how he chooses to plead and defend his claims if challenged by the Government. Again, this Order will not act as Plaintiff's "legal talisman" to guard against future

pitfalls. Simply stated, the Court finds that when construed in the light most favorable to Plaintiff, his pleadings possibly state a Section 2410 claim; the Court is not promising Plaintiff will elect to pursue his claims in this fashion, nor that they will prevail or even withstand another dispositive motion filed by the Government.

## IV.  CONCLUSION

In light of the foregoing, the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby **DENIED**, finding that because the Government's lien imposed pursuant to Section 3613 can be treated similar to a tax lien, the underlying basis for federal subject matter jurisdiction can therefore be conferred by Section 1346.  Moreover, because the Court has determined that Plaintiff's claim to dissolve the lien at issue could possibly be plead pursuant to Section 2410, the Court hereby *sua sponte* **GRANTS** Plaintiff leave to file an Amended Complaint to correct the noted deficiencies.  Plaintiff shall have up and until **February 20, 2006**, in which to file his Amended Complaint.  If Plaintiff fails to timely file such Amended Complaint, the Court will assume it has misconstrued the intent of Plaintiff's pleadings and the Government may then renew its Motion to Dismiss.

**IT IS SO ORDERED.**

**Signed this 18th day of January, 2006.**

/s/          David RHerndon
**United States District Judge**